NATHANIEL HOOPER AND OTHERS, RESPONDENTS, v. CHARLES McCULLOCH BEECHER AND HENRY P. BARTLET, AS ASSIGNEE, ETC., APPELLANT, AND WALTER S. BAILLIE, APPELLANT.

*Assignment for the benefit of creditors — an assignee must pay as the assignment directs — the court will not interfere upon a summary application.*

Certain moneys of an assigned estate were deposited by an assignee for the benefit of creditors, under an order of the court, with a trust company to await the determination of an appeal involving the validity of the assignment.

The appeal was decided in favor of the assignee, and after a new trial, on which the assignee succeeded, the fund was, by order of the court, turned over to him. The assignee then applied for an order directing the payment of the fund to the creditors first preferred in said assignment.

*Held,* that the application was properly denied.

That the assignee held the moneys under the assignment and must pay them as it directed, and not otherwise.

That while, upon the settlement of his accounts, the court might, pursuant to the statute, direct the distribution of moneys, no such direction could be obtained upon a summary application therefor.

APPEAL by the defendants, Henry P. Bartlet, as assignee for the benefit of creditors of the firm of Charles McCulloch Beecher & Co., and by the defendant Walter S. Baillie, from an order, entered in the office of the clerk of the city and county of New York on the 29th day of May, 1891, denying their motion to amend an order which directed the United States Trust Company to return to said Bartlet, as such assignee, $5,346.40, deposited by him with said company on the 2d day of June, 1886, to the credit of this action, so that said order should direct said Bartlet, as such assignee, to pay said sum to Drexel, Morgan & Co., the creditors first preferred in the assignment to said Bartlet.

The said firm of Beecher & Co. made an assignment for the benefit of creditors to Henry P. Bartlet. An action was brought by the above-named plaintiffs to set aside said assignment and was taken by appeal to the Court of Appeals, which sustained the assignment. (*Hooper* v. *Baillie*, 118 N. Y., 413.) A new trial was had, in which the defendants succeeded, and judgment dismissing the complaint therein was entered on the 24th day of March, 1891.

*Bangs, Stetson, Tracy & Mc Veagh,* for the appellants.

*Franklin Bien,* for the respondents.

DANIELS, J. :

The money affected by this appeal was deposited by the assignee with the United States Trust Company during the pendency of an appeal involving the validity of a general assignment for the benefit of creditors. The deposit was made under an order of this court, subject to its further order. The assignee was successful in his appeal to the Court of Appeals, and, as no further object was to be subserved by retaining the deposit after that, it was directed to be returned to the assignee. He now desires to pay it over to the first preferred creditors, and applied for an order directing that to be done. But if that should, under the present circumstances, be paid over to such creditors, it must be under the authority of the direction contained in the assignment. The assignee does not hold the money subject to the order of this court on motion, but he holds it subject only to the direction contained in the assignment. If the case were before this court for the settlement of his accounts and the distribution of the estate under the authority conferred by the statutes relating to general assignments, a very different question would then be presented. But that is not its condition. Neither has an action been brought for the recovery of the money by the creditors. But the appeal to the court is by a summary application to order the assignee to do an act which the court in this proceeding has no authority to control. If the assignment directs the assignee to make this disposition of the money, that is the authority under which he must act. He cannot, by a mere motion, invoke the decision of this court on the point whether he shall or shall not conform to the direction contained in the assignment.

The order denying the motion was rightly made and it should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.